Stephen C. Chuck, Esq. SBN 119612
schuck@foleymansfield.com
Tiffany M. Birkett, Esq. SBN 222390
tbirkett@foleymansfield.com
Victoria J. Tsoong, Esq. SBN 261862
vtsoong@foleymansfield.com
**Foley & Mansfield PLLP**
300 S. Grand Ave., Suite 2800
Los Angeles, California 90071
Telephone: (213) 283-2100

Attorneys for Defendants
**ONEWEST BANK, FSB,
erroneously sued as
ONEWEST BANK, F/K/A
INDYMAC BANK FSB**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT KEMP, an individual | ) Case No. CV105892 JKW (REX) |
| | ) |
| Plaintiff, | ) **DEFENDANT ONEWEST BANK,** |
| | ) **FSB'S NOTICE OF MOTION AND** |
| | ) **MOTION TO DISMISS** |
| v. | ) **COMPLAINT; MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| | ) **SUPPORT THEREOF** |
| ONEWEST BANK, F/K/A INDYMAC | ) |
| BANK FSB | ) *[Proposed Order and Request for* |
| | ) *Judicial Notice filed concurrently* |
| Defendant, | ) *herewith]* |
| | ) **DATE:**     September 27, 2010 |
| | ) **TIME:**     1:30 P.M. |
| | ) **CTRM:**     "16" |
| | ) |
| | ) |
| | ) |
| | ) Complaint filed:  August 9, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD HEREIN:**

    **PLEASE TAKE NOTICE** that on September 27, 2010 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom "16" of the above-entitled court,

Defendant OneWest Bank, FSB erroneously sued as OneWest Bank, F/K/A IndyMac Bank, FSB ("OneWest"), will move the court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) on the grounds that Plaintiff Grant Kemp's ("Plaintiff") Complaint fails to state a claim upon which relief can be granted. Specifically, Defendant will move the Court as follows:

1.    Plaintiff's First Cause of Action for "Lack of Standing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6)

2.    Plaintiff's Second Cause of Action for "Criminal Conspiracy and Theft" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6)

3.    Plaintiff's Third Cause of Action for "Fraudulent Inducement" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6)

4.    Plaintiff's Fourth Cause of Action for "Predatory Lending" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

5.    Plaintiff's Fifth Cause of Action for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

6.    Plaintiff's Sixth Cause of Action for "Violations of Real Estate Settlement Procedures Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

7.    Plaintiff's Seventh Cause of Action for "Conspiracy" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

8.    Plaintiff's Eighth Cause of Action for "Unfair Business Practices" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

9.    Plaintiff's Ninth Cause of Action for "Unjust Enrichment" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

10.    Plaintiff's Tenth Cause of Action for "Quiet Title" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

11.    Plaintiff's Eleventh Cause of Action for "Breach of Fiduciary Duty" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

12.     Plaintiff's Twelfth Cause of Action for "Negligence/Negligence Per Se" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

13.     Plaintiff's Thirteenth Cause of Action for "Breach of the Covenant of Good Faith and Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

14.     Plaintiff's Fourteenth Cause of Action for "Violations of Truth In Lending Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

15.     Plaintiff's Fifteenth Cause of Action for "Intentional Infliction of Emotional Distress" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.  This motion is made following defense counsel's attempts to meet and confer with plaintiffs' counsel in accordance with local rule 7-3 on August 23, 2010.


DATED:   August 27, 2010                    FOLEY & MANSFIELD, P.L.L.P.


                                   BY:   /s/ Tiffany M. Birkett
                                         Stephen C. Chuck
                                         Tiffany M. Birkett
                                         Victoria J. Tsoong
                                         Attorneys for Defendants
                                         **ONEWEST BANK, FSB,
                                         erroneously sued as
                                         ONEWEST BANK, F/K/A
                                         INDYMAC BANK FSB**

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS                                         PAGE

**TABLE OF AUTHORITIES**

I.      SUMMARY OF ARGUMENT................................................................1

II.     SUMMARY OF FACTS ..................................................................2

III.    STANDARD FOR A MOTION TO DISMISS ....................................................3

IV.     PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR LACK OF STANDING..............3

V.  PLAINTIFFS CANNOT STATE A CAUSE OF ACTION FOR CONSPIRACY .4

VI.     PLAINTIFF'S FRAUD CLAIMS MUST FAIL................................................5

VII.    PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR PREDATORY LENDING................................................7

VIII.   PLAINTIFF'S CLAIM FOR VIOLATION OF 12 USC RESPA IS ALSO TIME BARRED ..................................................................7

IX.     PLAINTIFF'S CLAIM FOR UNFAIR BUSINESS PRACTICES FAILS TO STATE FACTS SUFFICIENT CONSTITUTE A CLAIM AGAINST DEFENDANTS ..................................................................8

X.      PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR UNJUST ENRICHMENT ................................................9

XI.     PLAINTIFF HAS FAILED TO DO EQUITY; THEREFORE, NO CLAIM TO QUIET TITLE CAN BE STATED ................................................10

XII.    PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY ..................................................................11

XIII.   PLAINTIFF'S NEGLIGENCE CLAIM FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM AS AGAINST ONEWEST .......11

XIV.    PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST FAIL SINCE NO CONTRACT

i

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

OUTSIDE OF THE DEED OF TRUST EXISTED BETWEEN THE PARTIES ...................................................................13

XV.   PLAINTIFF'S CLAIM FOR "VIOLATION OF 15 USC TILA" OR THE TRUTH IN LENDING ACT ARE TIME BARRED.........................................14

XVI.  PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ....................................14

XVII.   CONCLUSION ...................................................16

**DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF AUTHORITIES                                                          PAGE

*Aguilar v. Bocci*

  39 Cal.App.3d 475, 477-478 (1974) ........................................................................10

*Arnolds Mgmt. Corp. v. Eische,*

  158 Cal.App.3d 575, 578 (1984)............................................................................10

*Ashcroft v. Iqbal.*

  129 S.Ct. 1937, 1950 (2009) ..................................................................................3

*Beauchamp v. Los Gatos Golf Course,*

  273 Cal.App.2d 20, 32 (1969)................................................................................12

*Bell Atlantic Corp. v. Twombly,*

  127 S.Ct. 1955, 1959 (2007) ..................................................................................3

*Bradler v. Craig*

  274 Cal.App.2d 466, 476 (1969)............................................................................12

*Christensen v. Superior Court,*

  54 Cal.3d 868, 903 (1991)......................................................................................15

*Connor v. Great Western Sav. & Loan Assn.,*

  69 Cal.2d 850, 864 (1968)......................................................................................12

*Davidson v. City of Westminster,*

  32 Cal.3d 197, 209 (1982)......................................................................................15

*Decker v. Glenfeld, Inc.,*

  42 F.3d 1541, 1548 (9th Cir. 1994) ........................................................................6

*Distor v. U.S. Bank National*

  WL 3429700 at 20-22 (N.D.Cal. October 22, 2009) ..............................................8

*Erlich v. Menezes*

  21 Cal.4[th] 543 (1999)..............................................................................................15

*First Nationwide Savings v. Perry,*

  11 Cal.App.4th 1657, 1662 (1992)……………………………………………….9

---

**DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

2

*Hoyem v. Manhattan Beach City School District,*

22 Cal.3d 508, 514 (1978); Witkin, Cal. Proc. 4th (1997) ..............................12

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,*

12 F. Supp. 2d 1035 (1998).......................................................................3

*Izenberg v. ETS Services, LLC*

589 F.Supp.2d 1193, 1199 (2008)............................................................8

*Karlsen v. American Savings & Loan Association*

92 Cal.Rptr. 851, 854 (1971)..................................................................10

*Khoury v. Maly's of California, Inc.,*

17 Cal.Rptr2d 708 (1993)......................................................................16

*King v. Cal.*

784 F2d. 910, 915 (9th Cir.(1986)..........................................................14

*KORV-TV, Inc. v. Sup. Ct.,*

31 Cal.App.4th 1023, 1028, (1995).........................................................15

*Kruse v. Bank of America*

202 Cal.App.3d 38, 67 (1988).................................................................11

*Kruse v. Bank of America,*

202 Cal.App.3d 38, 67 (1988).................................................................12

*Lectrodryer v. SeoulBank,*

77 Cal.App.4th 723, 726 (2000)............................................................9

*Lewis v. Superior Court,*

30 Cal.App.4th 1850, 1866 (1994);.........................................................15

*McDonald v. Smoke Creek Live Stock Co.,*

209 Cal. 231 (1930)................................................................................7

*Merrill v. Navegar, Inc.*

26 Cal.4th 465, 477 (2001).....................................................................12

28

*Meyers v. Guarantee Sav. & Loan Assn.*

  79 Cal.App.3d 307, 312 (1978)............................................................13

*Miller v. Provost*

  26 Cal.App.4th 1703, 1707 (1994)........................................................10

*Mir v. Little Co. of Mary Hosp.,*

  844 F.2d 646, 649-50 (1988) ...............................................................3

*Moeller v. Lien,*

  25 Cal. App. 4th 822, 830 (1994)..........................................................4

  *Moeller, supra,* at 830 .........................................................................7

*Neal v. Juarez,*

2007 WL 2140640, *8 (S.D. Cal. 2007)……………………………………4

*Nymark v. Heart Fed. Savings & Loan Assn.*

  231 Cal.App.3d 1089-1094 (283 Cal. Rptr. 53) (1991)........................11,12

*Perry v. Stewart Title Co.*

  756 F. 2d 1197, 1208 (1985) .................................................................8

*Racine & Laramie, Ltd., supra,* at 1034 ................................................13

*Ricard v. Pacific Indemnity Co.,*

  132 Cal.App.3d 886, 894 (1982)...........................................................15

*Sales Corp. v. Olson*

      (1978) 80 Cal.App.3d 645, 649……………………………………………5

*Schick v. Lerner*

      (1987) 193 Cal.App.3d 1321, 1327-1328………………………………………4

*Scott v. Wells Home Mortg. Inc.*

  326 F.Supp.2d 709, 717-718 (2003) ......................................................8

*Sicairos v. NDEx West, LLC,*

      2009 WL 385855, at *3 (S.D.Cal. Feb. 13, 2009)……………………………3

*Smith v. San Francisco,*

  225 Cal.App.3d 38, 49 (1990)……………………………………………………13

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Southern California Disinfecting Co. v. Lomkin*

   (1960) 183 Cal.App.2d 431, 488)…………………………………………………5

*Stafford v. Ballinger,*

   199 Cal.App.2d 289, 294-295 (1962) .......................................................10

*Swartz v. KMPG LLP*,

   476 F.3d 756, 764-65 (9th Cir. 2007 ....................................................6

*United States ex rel. Chunie v. Ringrose*, ("*Ringrose*")

   788 F.2d 638, 643 n. 2 (1986)…………………………………………………3

*Vess v. Ciba-Geigy Corp. USA*,

   317 F.3d 1097, 1106 (9th Cir. 2003) .....................................................5

*Wagner v. Benson*

   101 Cal.App.3d 27, 34-35 (1980) ...........................................................12

**Statutes**

Cal. Civ. Code § 2924(a)(1)..........................................................................4

Civil Code §1698 .......................................................................................10

California Business & Professions Code §17200 ............................................8

California Financial Code §4970 ....................................................................7

California Financial Code §4973 ....................................................................7

California Foreclosure Prevention Act, California Civil Code §2923.52, et seq. ..........9

FRCP Rule 9(b)..........................................................................................3,

*Pen. Code* §684……………………………………………………………4

Witkin, Cal. Proc. 4th (1997)……………………………………………………12

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant OneWest Bank, FSB ("OneWest"), respectfully submits the following Memorandum of Points and Authorities in support of their Motion to Dismiss the complaint of plaintiff Grant Kemp ("Plaintiff").

## I.    SUMMARY OF ARGUMENT

This appears to be a "form" appellate brief obtained and filed by a pro per Plaintiff in an apparent attempt to forestall foreclosure and/or eviction.  The gravamen of Plaintiff's Complaint is that OneWest failed to provide Plaintiffs with certain disclosures relative to a loan securing certain real property located at 186 Oak Glen Avenue, Ojai CA ("Subject Property").  Plaintiff alleges, in conclusory and vague fashion, that the loan disclosures did not meet the requirements of the Truth in Lending Act and breached certain duties owed to Plaintiff.  In addition, Plaintiff unabashedly reprimands the mortgage industry in his Complaint.  Yet, coincidentally, Plaintiff is a mortgage broker himself, and runs an active business ("Kemp Funding") as such.  RJN, Exhibit 5.

All of Plaintiff's claims must fail in that OneWest was not the originator of the loan at issue; Home Loan Specialists, Inc. ("Home Loan") originated the loan at issue. In that regard, OneWest Bank acquired substantially all of the assets, including the mortgage servicing rights and loan presently at issue from IndyMac Federal Bank, FSB, which acquired substantially all of the assets, including the mortgage servicing rights and loan at issue from the failed thrift IndyMac Bank, F.S.B.  For these reasons alone, Plaintiff's Complaint as against OneWest must fail.

Notwithstanding such pitfall, Plaintiff's causes of action relating to fraud fail to state a claim as against OneWest in that in order to state a claim for actual fraud as against a corporation, Plaintiff must allege the precise individual who made the representation in order to support such a claim and has failed to do so.  Similarly, the stringent Federal pleading requirements mandate that the allegations of fraud be specifically plead, and not alleged by virtue of mere conclusory allegations such as

here.

Moreover, Plaintiff's claims are time barred by the applicable statute of limitations, including but not limited to his claim for fraud, violation of the Truth in Lending Act and Real Estate Settlement Procedures Act.

For these reasons, all claims asserted against OneWest must be dismissed.

## II.   SUMMARY OF FACTS

As set forth in the Request for Judicial Notice filed concurrently herewith, the following relevant allegations in the Complaint and facts of which the Court may take judicial notice:

- On or about May 15, 2006, Plaintiff obtained a mortgage loan in the amount of $ 454,300 ("Loan") from Home Loan Specialists, Inc. ("Home Loan") and Mortgage Electronic Registration Systems, Inc. ("MERS") was appointed as the nominee beneficiary. The Loan was secured by a deed of trust ("DOT") encumbering the property located at 186 Oak Glen Avenue, Ojai CA (previously defined as "Subject Property"). The DOT was recorded with the Ventura County Recorder on or about May 23, 2006 as instrument number 20060523-0109769. *See,* Request for Judicial Notice ("RJN"), Exhibit 1.

- Plaintiffs failed to comply with the Loan obligations and a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on February 12, 2009 with the Ventura County Recorder's Office as instrument number 09-18964. RJN, Exhibit 2.

- An Assignment of Deed of Trust ("Assignment 1") was recorded on or about April 3, 2009 with the Ventura County Recorder's Office as instrument number 20090403-00051938-0. RJN, Exhibit 3. All beneficial interest under the DOT was assigned to IndyMac Federal Bank, FSB ("IMFB"). *Id.*

- An Assignment of Deed of Trust ("Assignment 2") was recorded on or about January 8, 2010 with the Ventura County Recorder's Office as instrument number 20100108-00002855-0. RJN, Exhibit 4. All beneficial interest

2

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

under the DOT was assigned to OneWest Bank, FSB ("OneWest").  *Id.*

## III.   STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  *United States ex rel. Chunie v. Ringrose*, ("*Ringrose*") 788 F.2d 638, 643 n. 2 (1986). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court "need not assume the truth of legal conclusions cast in the form of factual allegations." *Ashcroft v. Iqbal* 129 S.Ct. 1937, 1950 (2009).

Where fraud is alleged, as here, plaintiff "must state with particularity the circumstances constituting fraud or mistake."  FRCP Rule 9(b).  As discussed below, the entire complaint is patently deficient and fails to state any claim upon which relief can be granted.

Additionally, in ruling on a motion to dismiss, the Court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See, *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649-50 (1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,* 12 F. Supp. 2d 1035 (1998).

## IV.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR LACK OF STANDING

Plaintiff contends that OneWest is not a real party in interest relative to the Deed of Trust because OneWest does not hold the original note on the Subject Property.  However, such a claim is without merit.

Under Civil Code Section 2924 "no party needs to physically possess the promissory note." *Sicairos v. NDEx West, LLC*, 2009 WL 385855, at *3 (S.D.Cal.

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

Feb. 13, 2009).  On the contrary, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).  Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Civil Code §2924(a)(1).  A "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." *Id.* § 2924b(4).

Plaintiff defaulted on the Loan, and therefore, in accordance with the power of sale clause in the Deed of Trust encumbering the Subject Property, MERS caused its agent Quality Loan Services Corporation ("QLS") to issue a Notice of Default relative to the Subject Property and initiate the foreclosure proceedings.  No claim for wrongful foreclosure can be alleged in this regard.  California courts have found that such allegations are insufficient to render the foreclosure proceeding invalid.  *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

In light of the foregoing, OneWest's Motion to Dismiss should be granted as to this cause of action.

## V.   PLAINTIFFS CANNOT STATE A CAUSE OF ACTION FOR CONSPIRACY

Preliminarily, Plaintiff's criminal allegations must fail as a matter of law.  "A criminal action is prosecuted in the name of the People of the State of California, as a party, against the person charged with the offense." *Pen. Code* §684.  Thus, Plaintiff is not the appropriate party to bring such an action as against OneWest.

With regard to Plaintiff's civil conspiracy allegations, to state a cause of action for conspiracy under California law, Plaintiff must plead: "(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto [sic]; and the damage resulting from such act or acts." *Schick v. Lerner* (1987) 193 Cal.App.3d 1321, 1327-1328.  "A civil conspiracy is simply a corrupt agreement; it

4

is:'... a combination of two or more persons to accomplish an evil or unlawful purpose.'" *Sales Corp. v. Olson* (1978) 80 Cal.App.3d 645, 649 (quoting *Southern California Disinfecting Co. v. Lomkin* (1960) 183 Cal.App.2d 431, 488).

Plaintiff's allegations pertain to a single transaction relative to the Loan's origination; a transaction that OneWest was not involved in or a part of. As such, Plaintiff's conspiracy allegations are patently deficient as a conspiracy requires that OneWest conspired with others relative to the initial Loan transaction. In this case, Plaintiff makes it wholly unclear as to how or if OneWest entered into an unlawful conspiracy with other defendants. Accordingly, this Court should grant OneWest's Motion to Dismiss as to this cause of action.

## VI.   PLAINTIFF'S FRAUD CLAIMS MUST FAIL

Plaintiff's Complaint sets forth varying allegations of fraud, including but not limited to fraudulent inducement, fraudulent collection, profiting by credit default swap derivatives, charging false fees, and common law fraud. As set forth below, all of Plaintiff's fraud claims are procedurally deficient, and therefore, must fail.

Preliminarily, Plaintiff's claims for fraud in relation to the original loan transaction are barred by the applicable statute of limitations. *CCP* §338. In order to allege a cause of action for fraud relative to the original loan transaction, Plaintiff must have filed suit by May 15, 2009 since the Deed of Trust at issue was executed on May 15, 2006. RJN, Exhibit 1. Plaintiff filed the instant matter alleging claims relative to the initial loan transaction on or about August 9, 2010 – more than year after the applicable statute of limitations had lapsed. Accordingly, any claims relative to the original loan transaction must be summarily denied.

Moreover, fraud claims must be plead with factual specificity. As set forth in FRCP Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff must include the "who, what, when, were, and how of the fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). A "plaintiff must set forth what

is false or misleading about a [specific] statement, and why it is false." *Decker v. Glenfeld, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).   Further, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." *Swartz v. KMPG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  ("[R]ule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'  [A] plaintiff must, at a minimum, 'identif[y] the role of [each] defendant [] in the alleged fraudulent scheme.'" (internal citation omitted). *Id.* at 764.

Plaintiff alleges that Defendants fraudulently misrepresented the terms of the loan and forced Plaintiff to enter into the contract with OneWest.  Complaint, p. 12. Again, the loan at issue was negotiated by and between Plaintiff and Home Loan. RJN, Exhibit 1.   There are no allegations concerning any misrepresentations by specific individuals representing OneWest.  Indeed, Plaintiff has failed to plead the requisite "who, what, when and where" relative to the purportedly fraudulent representations.  On this basis alone, Plaintiff's cause of action must fail.

Plaintiff has failed to identify the names of the persons who purportedly made the fraudulent misrepresentations at issue.   Plaintiff merely states that "Agent made…representations with the intention of inducing Petitioner to act in reliance…." Complaint, pg. 26.  In addition to Plaintiff's failure to satisfy the stringent pleading requirements relative to this cause of action, Plaintiff's fraud claim is substantively flawed in that OneWest was not involved in the origination of the Loan at issue, and therefore, Plaintiff's claims that OneWest induced Plaintiff to obtain a Loan he could not afford are without merit.

Accordingly, aside from Plaintiff's failure to identify and aver the specific person who made the alleged misrepresentations, no such misrepresentation can be alleged because OneWest was not involved in the original Loan transaction at issue—Home

6

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  Loan was the original lender.  Since Plaintiff has failed to allege with the requisite
2  specificity any cause of action for fraud, OneWest's Motion to Dismiss must be
3  granted.

4  **VII.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO**
5       **CONSTITUTE A CLAIM FOR PREDATORY LENDING**

6       Although not entirely clear from the allegations within the Complaint, it
7  appears that Plaintiff's cause of action for predatory lending is based in part on
8  California's predatory lending laws set forth in California Financial Code §4970, et
9  seq.  In particular, Plaintiff contends in part that "Lender designed the loan to fail."
10 Complaint, p. 13.   California's predatory lending laws relate to loan origination.
11 California Financial Code §4973.  Since Defendants were not involved in originating
12 the loan at issue, Plaintiff's claims must fail.

13      Based on the foregoing, Plaintiff will not be able to amend the pleading to
14 sufficiently allege a claim for predatory lending.  Accordingly, this Court must grant
15 OneWest's Motion to Dismiss this cause of action without leave to amend and with
16 prejudice.

17 **VIII.  PLAINTIFF'S CLAIM FOR VIOLATION OF 12 USC RESPA IS ALSO**
18       **TIME BARRED**

19      A claim under the Real Estate Settlement Procedures Act ("RESPA") relative to
20 illegal kickbacks must be brought within a year of the alleged violation of the law.  12
21 U.S.C. §2614.  In this case, Plaintiff signed the original Loan documents on or about
22 May 15, 2006, but did not commence this action until more than four years later.
23 Accordingly, Plaintiff's claim as against OneWest under RESPA is time-barred.

24      Notwithstanding this procedural failing, as set forth herein, OneWest was not
25 involved in the original loan transaction.  On the contrary, Home Loan was the original
26 lender on the Loan at issue.  RJN, Exhibit 1.

27      Plaintiff attempts to argue that the statute of limitations for RESPA is subject to
28 equitable tolling.   However, Plaintiff relies on authority that is unpersuasive and

provides no authority that is binding on this court.  Indeed, Plaintiff admits that the Ninth Circuit has not taken up the question of whether the anti-kickback provision of RESPA is subject to equitable tolling.  Complaint, p. 18.  Notwithstanding, Plaintiff's contention that the statute of limitations may be suspended until the borrower discovers the fraud is without merit.  Complaint, p. 18.  The Loan terms which Plaintiff complains of are clear and conspicuous on the Deed of Trust itself, which they signed in May of 2006[1].  Moreover, Plaintiff was aware of the allegedly incorrect payment amounts on the loan upon execution of Deed of Trust since he had been making regular payments for the past 3 years until his recent default.

Based on the foregoing, any claim for violation of RESPA must fail as against OneWest.

## IX. PLAINTIFF'S CLAIM FOR UNFAIR BUSINESS PRACTICES FAILS TO STATE FACTS SUFFICIENT CONSTITUTE A CLAIM AGAINST DEFENDANTS

Although not entirely clear from the Complaint, it appears that Plaintiff's cause of action for unfair business practices pertains to California Business & Professions Code §17200.  As set forth in detail below, any such claim must be dismissed as against OneWest.

Plaintiff fails to sufficiently allege a violation of section 17200.  "A plaintiff alleging unfair business practices under these statutes must state with reasonable *particularity* the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.* 17 Cal.Rptr2d 708 (1993) (emphasis supplied).  Also, where there is no predicate law violation, there is no unlawful business practice or act for purposes of Section 17200. *See Distor v. U.S. Bank National* WL 3429700 at 20-22 (N.D.Cal. October 22, 2009).

---

[1] Indeed, Plaintiff is a mortgage broker, who has 20 years experience in the industry, and therefore, would have easily located the terms of the loan in the Deed of Trust.

DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The scant factual allegations set forth by Plaintiff in support of this claim are vague and seemingly relate to the underwriting of the Loan. Plaintiff claims essentially that "Lenders" required certain income information from borrowers and that "Defendants deviated from and disregarded these standards." Complaint, p. 19. Such allegations do not amount to any unlawful, unfair, or fraudulent conduct. On the contrary, as set forth herein, OneWest had no involvement in the origination of the Loan.

Based on the foregoing, Plaintiff cannot state any claim for violation of Section 17200, and therefore, OneWest's Motion must be granted.

## X.   PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR UNJUST ENRICHMENT

The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000). An action for unjust enrichment is based on the principal that, "a person who has been unjustly enriched at the expense of another is required to make restitution to the other." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1662 (1992) (citations omitted). However, "the fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *Id*. at 1663.

Here, no claim for unjust enrichment can be asserted against OneWest because OneWest did not actually receive any benefit from Plaintiff. Plaintiff was obligated to make payments on the Loan secured by the Deed of Trust, and failed to do so as evidenced by the recorded documents. RJN, Exhibit 2. Notwithstanding that Plaintiff was contractually obligated to make such payments; OneWest has not unjustly retained any alleged payments by Plaintiff.

For these reasons, no cause of action for unjust enrichment can be asserted against OneWest, and this Motion should be granted without leave to amend.

## XI.   PLAINTIFF HAS FAILED TO DO EQUITY; THEREFORE, NO CLAIM TO QUIET TITLE CAN BE STATED

In order to allege quiet title, Plaintiff must allege tender or offer of tender of the amount borrowed and due. *Arnolds Mgmt. Corp. v. Eischen* 158 Cal.App.3d 575, 578 (1984).  "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost* 26 Cal.App.4th 1703, 1707 (1994). California law is clear that a plaintiff cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid. He is entitled to remain in possession, but cannot clear his title without satisfying his debt." *Aguilar v. Bocci* 39 Cal.App.3d 475, 477-478 (1974).

Plaintiff never alleges that he can tender the full amount of the debt owned on the mortgage relative to the Subject Property thereby rendering this cause of action deficient on its face.  In that regard, it is clear from the recorded documents that Plaintiff has failed to pay his debt. *See*, RJN Exhibit 2.

Moreover, Plaintiff has no standing to bring a quiet title action, because whatever interest Plaintiff alleges to have is, at best, equitable, and the holder of equitable title cannot maintain a quiet title action against the legal owner. *See Lewis v. Superior Court*, 30 Cal.App.4th 1850, 1866 (1994); *Stafford v. Ballinger,* 199 Cal.App.2d 289, 294-295 (1962).

Since the Subject Property foreclosure proceedings have already commenced, Plaintiff has no standing to quiet title to the Subject Property.  In light of the foregoing, since Plaintiff is unable to allege the requisite elements of a claim to Quiet Title of the Subject Property, Defendants' Motion to Dismiss should be granted.

## XII.   **PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY**

It is well-settled law that a loan transaction does not create a duty of care between a borrower and a lender because the transaction is commercial and contractual in nature.  The lender-borrower relationship is an arm's length economic transaction governed solely by contract.  *Nymark v. Heart Fed. Savings & Loan Assn.* 231 Cal.App.3d 1089-1094 (1991); *Kruse v. Bank of America* 202 Cal.App.3d 38, 67 (1988).   Moreover, a commercial lender is entitled to pursue its own economic interests in a loan transaction.  *Nymark, supra*, at 1093.

Again, Plaintiff's allegations relate to the original loan transaction.  OneWest was not involved in the original loan transaction.   On the contrary, Home Loan originated the loan at issue. RJN, Exhibit 1.   Accordingly, Plaintiff cannot contend that any duty of care arose by and between Plaintiff and OneWest relative to the original loan transaction.  Even if Plaintiff was able to allege that OneWest had some involvement so as to create a relationship between OneWest and Plaintiff, which OneWest does not concede, Plaintiff's claims are barred by the applicable statute of limitations since the action must have been brought within three years of the date of the breach, which Plaintiff alleges was the original loan transaction entered into in May 2006. *CCP* §338.

In light of the foregoing, this Court should grant OneWest's Motion to Dismiss to the Complaint as to this claim without leave to amend.

## XIII.   **PLAINTIFF'S NEGLIGENCE CLAIM FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM AS AGAINST ONEWEST**

Preliminarily, Plaintiff cannot, as a matter of law, allege facts sufficient to support a cause of action for negligence as against OneWest.  In particular, OneWest was not a lender to Plaintiff, is not in any contractual relationship with Plaintiff, and had no contact with Plaintiff whatsoever.

Notwithstanding such defects, Plaintiff failed to sufficiently allege a cause of action for negligence as against OneWest in that an action for negligence must allege (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to Plaintiff as a result of the breach-proximate or legal cause; and (4) damage to plaintiff.  *Hoyem v. Manhattan Beach City School District* 22 Cal.3d 508, 514 (1978); Witkin, Cal. Proc. 4th (1997) Pleadings §537, p. 624.  The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence.  *Beauchamp v. Los Gatos Golf Course* 273 Cal.App.2d 20, 32 (1969). The existence and scope of a legal duty are questions for the court.  *Merrill v. Navegar, Inc*. 26 Cal.4[th] 465, 477 (2001).  Plaintiff simply fails to allege the nature of OneWest's duty as owed to Plaintiffs.

In that regard, it is well settled that a loan transaction does not create a duty of care between a borrower and lender because the transaction is commercial and contractual in nature.   The relationship is an arms length economic transaction governed solely by contract.   *Nymark v. Heart Fed. Savings & Loan Assn.* 231 Cal.App.3d 1089-1094 (283 Cal. Rptr. 53) (1991); *Kruse v. Bank of America* 202 Cal.App.3d 38, 67 (248 Cal. Rptr. 217) (1988).

In *Nymark, supra*, the Court held that:

> "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money…"

*Id* at 1096.

The lender may only be found liable to a borrower for negligence only when the lender "actively participates" in an enterprise beyond the domain of the usual money lender.   *Wagner v. Benson* 101 Cal.App.3d 27, 34-35 (1980); *Connor v. Great Western Sav. & Loan Assn.* 69 Cal.2d 850, 864 (1968); *Bradler v. Craig* 274 Cal.App.2d 466, 476 (1969).  Indeed, a lender's normal supervision of the enterprise

for the protection of its security interest in loan collateral is not "active participation". *Meyers v. Guarantee Sav. & Loan Assn.* 79 Cal.App.3d 307, 312 (1978).

If, pursuant to *Wagner, supra*, a mere lender of money does not owe a duty to its borrower, then a fortiori, OneWest cannot possibly owe a duty to Plaintiff when they were neither in a lender or other relationship with Plaintiff which would give rise to a duty recognized at law.

Accordingly, no claim for negligence or can be stated as against Defendant, and therefore, its Motion should be granted.

## XIV. PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST FAIL SINCE NO CONTRACT OUTSIDE OF THE DEED OF TRUST EXISTED BETWEEN THE PARTIES

The prerequisite for any action for breach of this covenant is the existence of a contractual relationship between the parties, because the covenant is an implied term in the contract. *Smith v. San Francisco*, 225 Cal.App.3d 38, 49 (1990) (Emphasis added). "There is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, 1032 (1992). Where there is no contractual relationship, a party cannot state a claim for breach of the implied covenant. *See Smith, supra,* at 49. The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, liability cannot be extended to create obligations not contemplated by the contract. *See, Racine & Laramie, Ltd., supra,* at 1034.

In this case, no claim for breach of the implied covenant of good faith and fair dealing can be asserted against OneWest because Plaintiff does not sufficiently allege a contractual relationship with OneWest aside from that of the DOT.

The law provides that any breach of the implied covenant of good faith and fair dealing be limited to assuring compliance with the DOT. OneWest was not obligated by virtue of the DOT to make the disclosures Plaintiff complains of, and since no

13

other contract existed between the parties, OneWest's obligations, if any, to Plaintiff were limited.

Since the good faith and fair dealing doctrine only arises out of contract, Plaintiff cannot properly allege such a claim against OneWest, and therefore, this Motion must be granted as to this claim without leave to amend.

## XV.   PLAINTIFF'S CLAIM FOR "VIOLATION OF 15 USC TILA" OR THE TRUTH IN LENDING ACT ARE TIME BARRED

An action for damages under the Truth in Lending Act ("TILA") generally must be brought within one year of the alleged violation. 15 U.S.C. §1604(e); *see also King v. Cal.* 784 F2d. 910, 915 (9th Cir. 1986) (holding that "the limitation period in Section 1640 (e)  runs from the date of consummation of the transaction").

Plaintiff's Complaint alleges that the Loan was obtained in May of 2006. RJN, Exhibit 1.  This suit was filed on or about August 9, 2010.  Therefore, as the suit was filed more than three years after Plaintiff entered into the mortgage agreement, the TILA limitations period has since expired.  As set forth herein, any argument as to equitable tolling of the applicable statute of limitations is without merit and unprecedented.  Plaintiff alleges no factual allegations upon which this court may equitably toll the statute of limitations under TILA.  Substantively, OneWest was not involved in the origination of the Loan, and thus, any allegations as to disclosures relative to the Loan are similarly without merit as against OneWest.

In this regard, Plaintiff's claim for TILA violations must fail as against OneWest.  Therefore, OneWest's Motion to Dismiss must be granted as to this claim without leave to amend.

## XVI.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff fails to state a claim for "Intentional Infliction of Emotional Distress" against OneWest.  The elements of the tort of intentional infliction of

14

emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the Plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). Generally, a plaintiff cannot recover damages for mental suffering experienced as the result of a breach of contract. *Erlich v. Menezes* 21 Cal.4th 543 (1999).

Notwithstanding, a claim for intentional infliction of emotion distress requires a showing of "outrageous" conduct which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). A plaintiff must plead and prove with great specificity acts that are "outrageous." Outrageous conduct has been defined as conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 886, 894 (1982) (emphasis added). Conduct will be found to be actionable only where the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim, 'Outrageous!'" *KORV-TV, Inc. v. Sup. Ct.*, 31 Cal.App.4th 1023, 1028, (1995).

In the Complaint, Plaintiff seeks recovery for emotional distress; however, Plaintiff fails to plead <u>any</u> of the elements of the emotional distress claim. *See* Complaint, p. 29. Instead, Plaintiff makes conclusory allegations that "Defendants" conduct "was extreme and outrageous and not to be tolerated by civilized society." Complaint, p. 29. Plaintiff fails to allege what conduct was so outrageous as to cause him emotional distress. As set forth above, it is not enough for Plaintiff merely to state that conduct was "outrageous". Plaintiff also provides no factual allegations to support the contention that OneWest's "conduct" caused his harm, if any. Again, OneWest had no involvement in the origination of the Loan, and had no relationship with Plaintiff in that regard.

Plaintiff fails to plead the elements of the claim for intentional infliction of emotional distress, and as such, OneWest's Motion must be granted without leave to amend.

## XVII. CONCLUSION

For the foregoing reasons, Defendant OneWest Bank, FSB erroneously sued as OneWest Bank, F/K/A IndyMac Bank, FSB respectfully requests that this Court dismiss all causes of action without leave to amend and with prejudice as to the entirety of the Complaint as against OneWest.

DATED:   August 27, 2010                     FOLEY & MANSFIELD, P.L.L.P.


                              BY:   /s/ Tiffany M. Birkett
                                    Stephen C. Chuck
                                    Tiffany M. Birkett
                                    Victoria J. Tsoong
                                    Attorneys for Defendants
                                    **ONEWEST BANK, FSB,
                                    erroneously sued as
                                    ONEWEST BANK, F/K/A
                                    INDYMAC BANK FSB**

# **PROOF OF SERVICE**

[CCP, 1013A(3) CRC Rule 2006(d) - Revised 3/1/92]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 300 S. Grand Ave., Suite 2800, Los Angeles, CA 90071.

On **August 27, 2010**, I served the foregoing document described as: **DEFENDANT ONEWEST BANK, FSB'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Grant Kemp
186 Oak Glen Avenue
Ojai, CA 93023
Tel: (805) 660-6569
Plaintiff

☒ **(BY MAIL)**  I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, which sent notification of that filing to the persona listed above.

Executed on **August 27, 2010**, Los Angeles, California.

☒ **FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Leo Valente
Leo Valente