FILED

Grant Kemp
186 Oak Glen Avenue
Ojai CA   93023
(805) 660-6569

2010 SEP 13  PM 4: 28

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

BY _____

CENTRAL DISTRICT OF CALIFORNIA

**Grant Kemp**

Plaintiff,

     vs.

**One West Bank, F/K/A/ IndyMac**

**Bank FSB**

Defendant

Case # CV105892 JKW (REX)

JFW (SHx)

**RESPONSE TO RULE 12**

**MOTION**

Date: September 7, 2010

(1)    The Plaintiff, in his Original Petition, plead that Defendant charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as Exhibit 1. Plaintiff specifically plead that Defendant, at the time of settlement of the contract, Defendant failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement.

(2) Plaintiff stipulated each fee charged with particularity. Plaintiff calculated the precise amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as stipulated by the Truth In Lending Statement provided by Defendant (see Exhibit 2). Plaintiff specifically alleged that said fees were fraudulent. Plaintiff alleged that Defendant failed to provide full disclosure by failing to provide documentation to prove that the above fees

were authorized by law, that the services alleged provided were necessary, that the amount charged for each service was necessary, and that Defendant did not take an undisclosed markup on said fees.

(3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan broker, toward the perpetration of a carefully contrived connivance, provided the amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed yield spread premium. Said undisclosed yield spread premium is alleged to be in addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law. Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was a predicate act intended to improperly influence loan broker to misrepresent facts to Plaintiff, to give partial disclosure of those facts which would appear favorable to the intent of the loan broker, while failing to give full disclosure of other facts that would not seem favorable to the contract.

(4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore, Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's pleading, or, in the alternative, treat Defendant's pleading as a request for more definite statement, in which case, Plaintiff will provide a more definite statement as requested.

(5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings.

## PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY

(6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to Plaintiff. By doing this, they committed common law fraud by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only qualified for a more expensive loan product than Plaintiff actually qualified for.  Plaintiff is prepared to prove up said claims after discovery, at a trial on the merits.

(7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning the conditions of the loan which is the basis for the issuance of the security instrument and lien document at issue.  Plaintiff is prepared to prove at trial, after complete discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would have caused Plaintiff to make a different decision than the one made.

(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.  Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender.   Said allegations are reiterated below with specificity.   Plaintiff alleged that the original lender sold the security instrument immediately after closing, but failed to transfer the lien document to the purchaser of said security instrument.  Plaintiff is prepared to prove, subsequent to discovery, that the lender, while still holding the security instrument, received

consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, INDYMAC BANK FSB , and the attorneys claiming to represent same, have committed fraud by representing to the court that INDYMAC BANK FSB  is as real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

## A. LENDER CHARGED FALSE FEES

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

(16) Below is a listing of the fees charged at settlement.  Neither at settlement, nor at any other time did Lender or Trustee provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---|
| 801 Processing Fee | $445.00 |
| 802 Document Preparation Fee | $215.00 |
| 803 Funding Fee | $195.00 |
| 901 Interest from to 5/22/2006-6/1/2006 @ 41.5100/day (days) | $415.10 |
| 1101 Settlement fee | $140.00 |
| 1102 Title Insurance | $1,000.00 |
| 1103 Other Title Charges | $45.00 |
| 1201 Recording Fees | $96.00 |
| 1301 Escrow Fee | $140.00 |
| 1302 Re-conveyance Fee | $18.00 |
| 1303 Other Payoff Fee | $15.00 |
| 1304 Interest from 5/1/2006 thru 05/24/2006 @ 122.5600/day | $2,941.44 |

(17) Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws.  Therefore it was demanded to please provide;

    a.  a complete billing from each vendor who provided the above listed services;

    b.  the complete contact information for each vendor who provided a billed service;

    c.  clearly stipulate as to the specific service performed;

    d.  a showing that said service was necessary;

    e.  a showing that the cost of said service is reasonable;

   f.  a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

(18) The above charges have been disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.
(19) In the event lender fails to properly document the above charges, borrower will consider same as false charges.  The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $948,979.82. This amount will be reduced by the amount of items above when said items are fully documented.

## B. RESPA PENALTIES

(20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

   a.  Good  Faith Estimate not within limits

   b.  No HUD-1 Booklet

   c.  Truth In Lending Statement not within limits compared to Note

   d.  Truth in Lending Statement not timely presented

   e.  HUD-1 not presented at least one day before closing

   f.  No Holder Rule Notice in Note

   g.  No 1st Payment Letter

       1.  No signed and dated :

       2.  Financial Privacy Act Disclosure;

       3.  Equal Credit Reporting Act Disclosure;

4.  notice of right to receive appraisal report;

5.  servicing disclosure statement;

6.  borrower's Certification of Authorization;

7.  notice of credit score;

8.  RESPA servicing disclosure letter;

9.  loan discount fee disclosure;

10. business insurance company arrangement disclosure;

11. notice of right to rescind.

(21) The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance. And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

(22) Since the courts have held that the penalty for a violation of RESPA accrues at consummation of the note, borrower has calculated that, the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, of $980,921.49.

(23) If the violation penalty amounts for each of the unsupported fees listed above are included, the amount by which the borrower would be defrauded is $1,001,552.22

(24) Adding in RESPA penalties for all the unsupported settlement fees along with the TILA/Note variance, it appears that lender intended to defraud borrower in the amount of $4,209,604.59

## ONGOING CRIMINAL CONSPIRACY

(25) Defendant complains that the document appears to be a "form" appellate brief obtained and filed by a pro per Plaintiff alleging wrongdoing by banks and lending institutions.  This begs a question, does the wrongdoing of Defendant(s) become somehow less wrong simply because they do it to everyone?  Simply because the lenders are accused by numerous plaintiffs of acting in concert and collusion, one with the other, of the perpetration of predicate acts toward the furtherance of an ongoing criminal enterprise intended to strip the people of this country of the equity in their property, and thereby, deprive them of their homes, is hardly a valid objection.  It seems Defendant(s), by complaining that others have accused them of the same sorts of fraud should somehow render the claims made here less valid.  This also simply demonstrates the extent of their acts of theft and fraud.  Plaintiff suggests, instead of attacking the messenger, the court may consider convening a court of inquiry to examine into the fraudulent practices of the Defendant(s) and encourage the federal government to pick up the mantel and prosecute the criminal wrongdoing of the banks and lending institutions.

## MORE DEFINITE STATEMENT

(26) Plaintiff is willing to prepare a more definite statement for the court. Subsequent to the filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is prepared to file a more definite statement with the court.

**CONCLUSION**

(27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in making said claim, has failed to speak with candor with the court. Plaintiff moves the court for sanctions against counsel, which is included as a separate motion, and to deny counsel's motion to dismiss.

**Respectfully Submitted,**

**Grant Kemp**

Grant  W  Kemp
186 Oak Glen Avenue
Ojai  CA
(805)660-6569

## UNITED STATES DISTRICT COURT

## CENTRAL DISCTRIC OF CALIFORNIA

*JFW (SHx)*

| | |
|---|---|
| **Grant  W  Kemp** | Case#  CV105892 ~~JKW (REX)~~ |
| Plaintiff, | |
| vs. | **MOTION FOR RULE 11** |
| **One West Bank, F/K/A/ IndyMac** | **SANCTIONS** |
| **Bank FSB** | |
| Defendant | |
| | Date:  September 7, 2010 |

## PLAINTIFF'S MEMORANDUM IN
## SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiff asks the court to impose sanctions on Tiffany M. Birkett, counsel for Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of Civil Procedure 11(b).

### A.  Introduction

1.  Plaintiff is  Grant  W  Kemp defendant is One West Bank, f/k/a/ IndyMac Bank FSB

2.  Plaintiff sued defendant for numerous violations including but not limited to violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The Home equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

3.   On 8/27/10 counsel for Defendant filed defendants answer.

## B.  Argument

4.   The court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper for an improper purpose, such as to harass or cause unnecessary delay or expense.  Fed. R. Civ. P. 11(b)(1), (c)(1).  Also, the court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper that includes any of the following:  (1) claims, defenses,  or contentions not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.  Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

5.   Counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because counsel for Defendant filed the document for an improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001).  Specifically, The answer or affirmative defenses make bald allegations that claims are stated improperly, claims are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over the Defendant.  However, the Defendant failed to offer any further information as to HOW her defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil Procedure. This is seemingly a waste of time, and intentionally done to cause unnecessary delay, and cost to the Plaintiff.

6.   Before imposing sanctions, the court should determine whether the party or the attorney made a reasonable inquiry into the facts or the law before signing and presenting the document.  *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman*

1    *Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th Cir. 1990).  The court should

2    impose sanctions against counsel for Defendant because she did not make a

3    reasonable inquiry into the facts or law before filing the answer. She offered no

4    court cases, information, rules or procedures as to how, why, or what specifically

5    failed to meet the criteria she uses as a defense.

6

7        7.   The court should impose the following sanctions:  Monetary Sanctions, and

8    Striking Of Pleadings of the defendant. The requested sanctions are sufficient to

9    deter repetition of the sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v.*

10   *Helsper*, 146 F.3d 452, 458-59 (7th Cir. 1998).  Plaintiffs suit makes very strong

11   claims and allegations, which can be proved through discovery, and demands that

12   his complaint be taken seriously. Counsel for Defendant failed to address the suit

13   with specificity, and by the court allowing sanctions in this case, the counsel will

14   take the case with serious intention.

15

16

17                               C.  Conclusion

18       8.   Defendants answer failed to address with specificity, as to why the

19   defenses counsel for Defendant used, were valid. They are wasting the time of the

20   Plaintiff and the Court, and are  shadowing the seriousness of the case at hand. For

21   these reasons, Plaintiff asks the court to impose sanctions of a monetary amount to

22   be determined by the court, and a Striking of Defendants answer in its entirety.

23

24

25   **Respectfully Submitted,**

26   _____

27   **Grant  W  Kemp**

28

# VERIFICATION

I, Grant W Kemp , do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Grant Kemp*

Grant Kemp
186 Oak Glen Avenue
Ojai , CA
805.660.6569

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

*see attached copy all purpose*

_____

**NOTARY PUBLIC IN AND FOR**                    **Notary Seal**
**THE STATE OF CALIFORNIA**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_ }

On _9-13-10_ before me, _Michelle L. Henson, Notary Public_
　　　Date　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _Grant Kemp_
　　　　　　　　　　　　　　　　　　　Name(s) of Signer(s)

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michelle L. Henson_
　　　　　　　　　Signature of Notary Public

**MICHELLE L. HENSON**
Commission # 1751802
Notary Public - California
Ventura County
My Comm. Expires Jun 18, 2011

Place Notary Seal Above

───────── **OPTIONAL** ─────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT 1

A  Settlement Statement

**U.S. Department of Housing and Urban Development**

OMB Approval No  2502-0265

---

| B  Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1 [ ] FHA   2 [ ] FmHA   3 [X] Conv Unins | 6 File Number:<br>1006375-DM | 7 Loan Number:<br>01603167 | 8 Mortgage Insurance Case Number: | | |
| 4 [ ] VA   5 [ ] Conv Ins | | | | | |

C  NOTE:   THIS NOTE IS FURNISHED TO GIVE YOU A STATEMENT OF ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P O C )" WERE PAID OUTSIDE THE CLOSING; THEY ARE SHOWN HERE FOR INFORMATIONAL PURPOSES AND NOT INCLUDED IN THE TOTALS.

| D. Name and Address of Borrower<br>GRANT W  KEMP<br><br>186 OAK GLEN AVENUE<br><br>OJAI, CA 93023 | E. Name and Address of Seller | F. Name and Address of Lender<br>HOME LOAN SPECIALISTS, INC<br>23330 MILL CREEK DRIVE. 2ND FLOOR<br>LAGUNA HILLS. CA 92653 |
|---|---|---|

| G. PROPERTY LOCATION<br>186 OAK GLEN AVENUE,<br>OJAI, CA 93023 | H. Settlement Agent:  LAWYERS TITLE COMPANY | |
|---|---|---|
| | Place of Settlement<br>3140 TELEGRAPH ROAD, SUITE C,<br>VENTURA, CA 93003 | I. Settlement Date / Disbursement Date<br>5/23/2006 ~ 5/23/2006 |

| J. SUMMARY OF BORROWER'S TRANSACTIONS | | K. SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower | $169,103.55 | 403. | |
| 104. (See Exhibit 104) | $684,896.45 | 404. | |
| 105. | | 405. | |
| **Adjustments For Items Paid By Seller In Advance** | | **Adjustments For Items Paid By Seller In Advance** | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| **120. Gross Amount Due From Borrower** | $854,000.00 | **420. Gross Amount Due To Seller** | $0.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or Earnest Money | | 501. Excess deposit | |
| 202. Principal from Home Loan Specialists, Inc | $854,000.00 | 502. Settlement Charges To Seller (line 1400) | $0.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) taken Subject To | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of Second Mortgage Loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments For Items Unpaid By Seller** | | **Adjustments For Items Unpaid By Seller** | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. Assessments | | 512. Assessments | |
| **220. Total Paid By/For Borrower** | $854,000.00 | **520. Total Reduction Amount Due Seller** | $0.00 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount Due From Borrower (line 120) | $854,000.00 | 601. Gross Amount Due To Seller (line 420) | $0.00 |
| 302. Less Amounts Paid By/For Borrower (line 220) | $854,000.00 | 602. Less Deductions In Amt. Due To Seller (line 520) | $0.00 |
| **303. Cash [ ] From [X] To Borrower** | $0.00 | **603. Cash [ ] To [X] From Seller** | $0.00 |

Page 2

1006375 - DM

**L. Settlement Statement**

| 700. Total Sales Commission | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|
| Division of Commission (line 700) As Follows: | | |
| 701. Listing Agent Commission | | |
| 702. Selling Agent Commission | | |
| 703. Commission paid at settlement | | |
| **800. Items Payable In Connection With Loan** | | |
| 801. Loan Origination Fee | | |
| 802. Loan Discount | | |
| 803. Appraisal Fee to Appraisal Services (POC 550.00) | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 810. (See Exhibit 810) | -$1,280.00 | |
| **900. Items Required By Lender To Be Paid In Advance** | | |
| 901. Interest from 05/22/2006 to 06/01/2006 @41.5100/day | $415.10 | |
| 902. Mortgage Insurance Premium for | | |
| 903. Hazard Insurance Premium for | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Hazard Insurance | | |
| 1002. Mortgage Insurance | | |
| 1003. City Property Taxes | | |
| 1004. County Property Taxes | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to Lawyers Title Company | $140.00 | |
| 1102. Abstract or Title Search | | |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Document Preparation | | |
| 1106. Notary Fees | | |
| 1107. Attorney's Fees | | |
| 1108. Title Insurance to Alliance Title Company | $1,000.00 | |
| 1109. Outside Recon Fees | | |
| 1110. Limited Coverage LCP | | |
| 1111. | | |
| 1113. (See Exhibit 1113) | $45.00 | |
| **1200. Government Recording And Transfer Charges** | | |
| 1201. Recording Fees: Deed $ Mortgage $ Release $ | | |
| 1202. City/county tax/stamps | | |
| 1203. State tax/stamps | | |
| 1205. (See Exhibit 1205) | $96.00 | |
| **1300. Additional Settlement Charges** | | |
| 1301. Survey | | |
| 1302. Pest Inspection | | |
| 1314. Proceeds to Cynthia D. Kemp | $168,687.45 | |
| 1400. Total Settlement Charges (Enter On Lines 103, Section J And 502, Section K) | $169,103.55 | $0.00 |

1006375 - DM

## Exhibits

| | Buyer(s) |
|---|---|
| **Exhibit 104 -- Payoff** | |
| Principal to Central Mortgage Company | $681,922 01 |
| Interest from 05/01/2006 thru 05/24/2006 @122 5600/day | $2,941 44 |
| Reconveyance Fee to Central Mortgage Company | $18 00 |
| Other Payoff Fee | $15 00 |
| **Exhibit 810 -- New Loan** | |
| Processing Fee to Home Loan Specialists, Inc | $445 00 |
| Document Preparation to Home Loan Specialists. Inc | $215 00 |
| Funding Fee to Home Loan Specialists, Inc | $195 00 |
| Lender Credit for NRCC from Home Loan Specialists. Inc | ($2.135 00) |
| **Exhibit 1113 -- Title Charges** | |
| Other Title Charges Wire Fee to Alliance Title Company | $45 00 |
| **Exhibit 1205 -- Government Recording And Transfer Charges** | |
| Record Deed to Alliance Title Company | $26 00 |
| Record Deed Of Trust to Alliance Title Company | $70 00 |

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

*EXHIBIT 5* (handwritten)

| | |
|---|---|
| Applicants: **GRANT W. KEMP** | Prepared By: **HOME LOAN SPECIALISTS, INC.**<br>23330 MILL CREEK DR. 2ND FLOOR<br>LAGUNA HILLS , CA 92653<br>949-243-5600 |
| Property Address: **186 OAK GLEN AVENUE**<br>**OJAI, CA 93023** | |
| Application No: **01603167** | Date Prepared: **03/29/2006** |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| * 7.059 % | $ * 1,929,699.84 | $ * 851,425.82 | $ * 2,781,125.66 |

☑ **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit
**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payments ** | When Payments Are Due | Number of Payments | Amount of Payments ** | When Payments Are Due | Number of Payments | Amount of Payments ** | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 1 | 2,475.18 | 07/01/2006 | | | | | | |
| 11 | 2,475.18 | 08/01/2006 | | | | | | |
| 12 | 2,660.82 | 07/01/2007 | | | | | | |
| 9 | 2,860.38 | 07/01/2008 | | | | | | |
| 1 | 3,009.44 | 04/01/2009 | | | | | | |
| 2 | 5,552.64 | 05/01/2009 | | | | | | |
| 12 | 5,552.64 | 07/01/2009 | | | | | | |
| 12 | 5,552.64 | 07/01/2010 | | | | | | |
| 419 | 6,062.77 | 07/01/2011 | | | | | | |
| 1 | 6,071.53 | 06/01/2046 | | | | | | |

☑ **DEMAND FEATURE:** This obligation has a demand feature.
☑ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☑ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase  ☑ property  ☐ flood insurance from creditor you will pay $ _____ for a one year term.
**SECURITY:** You are giving a security interest in: **186 OAK GLEN AVENUE, OJAI CA 93023**
☐ The goods or property being purchased  ☑ Real property you already own.
**FILING FEES:** $ 75.00
**LATE CHARGE:** If a payment is more than 15 days late, you will be charged 5.000 % of the payment
**PREPAYMENT:** If you pay off early, you
☑ may  ☐ will not  have to pay a penalty.
☐ may  ☑ will not  be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may  ☐ may, subject to conditions  ☑ may not  assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate  ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | | | |
|---|---|---|---|---|
| **GRANT W. KEMP** | (Applicant) (Date) | | (Applicant) (Date) |
| | (Applicant) (Date) | | (Applicant) (Date) |
| | (Lender) (Date) | | |

Calyx Form - til.hp (02/95)

Grant Kemp
186 Oak Glen Avenue
Ojai , CA 93023

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Grant Kemp**

Plaintiff,

vs.

**INDYMAC BANK FSB**

Defendant

Case # _CV 10 5892_
_JFW_
_(REX)_
_(SH x)_

**NOTICE**

Date: _9.13.2010_

Plaintiff coveys an apology to the court and to the Defendant for filing this response in an untimely fashion. The local law library was not readily open to the public during all of the holiday week, and Plaintiff does not have the same tools and resources that a BAR authorized attorney would have at his fingertips or disposal.

It is requested, to prevent further filing fees if this case is dismissed, to accept the attached rule 12 response nunc pro tunc.

**Respectfully Submitted,**

**Grant Kemp**

Notice

## CERTIFICATE OF SERVICE

I, Grant  W Kemp , do swear and affirm that I have served a signed copy of this Response to Rule 12 motion & Motion For Sanctions to any and all defendants by way of U.S.P.S. Certified mail # _____ and return receipt, regular mail, and via facsimile # *213 283 2101*, and noticed by telephone On the *13* day of *September* , 2010..

_(signature: Grant Kemp)_

Grant  W Kemp
186 Oak Glen Avenue
Ojai  CA
(805) 660-6569

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

*see attached certify all purpose ack (MD)*

_____

**NOTARY PUBLIC IN AND FOR**                **Notary Seal**
**THE STATE OF CALIFORNIA**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_____ }

On _9-13-10_____ before me, _Michelle L. Henson Notary Public_
    Date                       Here Insert Name and Title of the Officer

personally appeared _Grant Kemp_____
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michelle L. Henson_
                      Signature of Notary Public

**MICHELLE L. HENSON**
Commission # 1751802
Notary Public - California
Ventura County
My Comm. Expires Jun 18, 2011

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827