| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-5892-JFW (SHx)**                                      Date:  September 23, 2010

Title:    Grant Kemp -v- One West Bank, F/K/A IndyMac Bank FSB

**PRESENT:**

  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

  Shannon Reilly                                      None Present
  Courtroom Deputy                                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**              **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                            None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING DEFENDANT ONEWEST BANK, FSB'S MOTION TO DISMISS COMPLAINT [filed 8/27/2010; Docket No. 11];

On August 27, 2010, Defendant OneWest Bank, FSB ("Defendant") filed a Motion to Dismiss Complaint.  On September 13, 2010, Plaintiff Grant Kemp ("Plaintiff") filed an untimely Opposition, which was considered by the Court.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 27, 2010 is hereby vacated and the matter taken off calendar.  After considering the moving and opposing papers and the arguments therein, the Court rules as follows:

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

On May 15, 2006, Plaintiff obtained a loan from Home Loan Specialists, Inc (the "Loan").  The Loan was secured by a deed of trust encumbering the property located at 186 Oak Glen Avenue, Ojai, CA (the "Subject Property").  Plaintiff failed to comply with the Loan obligations and a Notice of Default and Election to Sell Under Deed of Trust was recorded on February 12, 2009.  On January 8, 2010, all beneficial interest under the deed of trust was assigned to Defendant.

Plaintiff filed this action on August 9, 2010, alleging, *inter alia*, that the disclosures made during the loan origination process were inadequate and that he was charged false fees.   Plaintiff alleges the following claims for relief: (1) lack of standing; (2) criminal conspiracy and theft; (3) fraudulent inducement; (4) predatory lending; (5) fraud; (6) violations of the Real Estate Settlement Procedures Act ("RESPA"); (7) conspiracy; (8) unfair business practices; (9) unjust enrichment; (10) quiet title; (11) breach of fiduciary duty; (12) negligence and negligence per se; (13) breach of the covenant of good faith and fair dealing; (14) violations of the Truth in Lending Act ("TILA");  and

(15) intentional infliction of emotional distress.

Defendant moves to dismiss Plaintiff's Complaint.

## II.   LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).  Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## III.   DISCUSSION

Defendant, in relevant part, moves to dismiss Plaintiff's two federal claims for relief for violation of TILA and RESPA on the grounds that they are time-barred.

TILA applies a one year statute of limitations to damages claims.  15 U.S.C. § 1640(e).  The limitations period ordinarily begins to run from the date the loan transaction is consummated.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("[A]s a general rule the limitations period starts at the consummation of the transaction.").  In this case, the loan transaction was consummated on, and thus the statute of limitations began to run on, May 15, 2006.  Accordingly, Plaintiff's claim for damages under TILA is time-barred unless equitable tolling or fraudulent

concealment applies. *See King*, 784 F.2d at 915 ("The district courts . . . can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.").

Plaintiff argues that the statute of limitations should be tolled. However, Plaintiff, a licensed real estate broker, does not allege any specific facts in his Complaint or Opposition that would justify tolling the statute of limitations. Accordingly, Plaintiff's claim for damages under TILA is **DISMISSED with prejudice**.

Moreover, to the extent Plaintiff alleges a claim for rescission under TILA, the claim is also time-barred. A claim for rescission under TILA expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). "Unlike TILA's one year period for civil damages claims, the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled." *Falcocchia v. Saxon Mortg., Inc.*, __ F. Supp. 2d __, 2010 WL 582059, at *4 (E.D. Cal. Feb. 12, 2010); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("Section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). Plaintiff did not file this action until August 9, 2010, more than three years after the loan transaction was consummated. Accordingly, Plaintiff's claim for rescission under TILA is **DISMISSED with prejudice.**

Plaintiff's claim for violation of RESPA, alleging illegal kickbacks and unearned fees in violation of 12 U.S.C. § 2607, is also time-barred. As Plaintiff acknowledges, this claim is subject to a one-year statute of limitations. *See* 12 U.S.C. § 2614. Although Plaintiff filed this action more than four years after the loan transaction was consummated, Plaintiff argues that the statute of limitations should be tolled because "[n]either at settlement, nor at any other time did Lender or Trustee provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge [Plaintiff.] . . . [Plaintiff] is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws." Original Petition, pp. 14-15; Opposition p. 5. Plaintiff knew these same facts when the loan was consummated. Accordingly, the Court concludes that there is no basis for tolling the statute of limitations and Plaintiff's claim for violation of RESPA is **DISMISSED with prejudice.**

In light of the Court's Order dismissing the only claims over which this Court has original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(d), *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'"). Accordingly, the Court declines to address Defendant's motion to dismiss Plaintiff's state-law claims, and those claims are **DISMISSED without prejudice**.

IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Complaint is **GRANTED.** Plaintiff's TILA and RESPA claims are **DISMISSED with prejudice.**  Plaintiff's state-law claims are **DISMISSED without prejudice.**

Plaintiff's Motion for Rule 11 Sanctions, filed along with his Opposition, is **DENIED.**

IT IS SO ORDERED.